11-4476-cv
*Levion v. Societe Generale*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

_____

MARTIN LEVION,

      *Plaintiff-Appellant,*

    -v.-              11-4476-cv

SOCIETE GENERALE,

      *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: Thomas E.L. Dewey, Keara A. Bergin, Ariel P. Cannon, Chi-Ru Jou, Dewey Pegno & Kramarsky LLP, New York, NY.

FOR DEFENDANT-APPELLEE: Kevin B. Leblang, Norman C. Simon, Kramer Levin Naftalis & Frankel LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiff Martin Levion appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), granting Defendant Societe Generale's motion for summary judgment and dismissing Levion's claims for breach of contract and violations of New York Labor Law § 193. The district court determined that Levion's employment relationship with Societe Generale was not governed by an agreement that would obligate the bank to compensate Levion with an additional $3.5 million bonus in 2006 or a pro rata bonus in 2007, or additional bonuses stemming from two other financial transactions (the so-called "NDF" and "TOPD" transactions). The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the

2

underlying facts, the procedural history, and the issues presented for review.

This Court reviews a district court's grant of summary judgment *de novo*. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006). Levion argues that Societe Generale breached its agreement to award Levion a percentage-based annual bonus by: (1) improperly allocating profits from two financial transactions performed by Levion's group; (2) reducing his 2006 compensation by $3.5 million in anticipation of an IRS settlement; and (3) refusing to pay Levion a pro rata bonus for the approximately 90 days he worked during 2007. We affirm for many of the reasons discussed by the district court.

Neither the 1990 offer letter guaranteeing Levion a bonus for that year nor the 1994 agreement specifying a percentage-based bonus for Levion in 1994 and 1995 extend to the disputed period here. While Levion concedes that there is no single agreement governing his compensation, even had the district court identified an implied-in-fact contract derived from the parties' correspondence and course of conduct, it would not obligate Societe Generale to pay

3

Levion more than it already has. Levion argues that he is owed a percentage of his group's net profit and loss, but he does not meaningfully contest the fact that Societe Generale management retained ultimate control over determining the group's profit and loss – and therefore the bonus pool.

This circumstance dooms Levion's argument that Societe Generale improperly allocated proceeds from two transactions his group was involved in. Likewise, the district court correctly found that there was nothing to prevent Societe Generale from effectively charging Levion $3.5 million for the cost of a regulatory settlement caused by transactions he championed. In addition, because Levion received annual "Compensation Advice" documents that restrict cash bonuses to active employees on the date of payment, Levion cannot sustain a claim that Societe Generale owes him a bonus for work performed prior to his resignation in March 2007. And there is no evidence that an employee would be entitled to a bonus based only on a partial year of net profit and loss. Moreover, even if Levion were entitled to a percentage-based bonus for 2007, by the end of the year his group showed a loss – the bonus pool was zero.

The district court also properly granted summary judgment for Societe Generale on Levion's claims based on New York Labor Law § 193, which provides that "[n]o employer shall make any deduction from the wages of an employee" (subject to exceptions not relevant here).  N.Y. LAB. LAW § 193.  Under New York law, the term "wages" does not include "certain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise."  *Truelove v. N.E. Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24 (2000).  Because any agreement that could dictate Levion's compensation would not "predicate bonus payments upon plaintiff's own personal productivity," but instead on the success of his group as a whole, New York Labor Law § 193 does not apply.  *Id.* at 224.

All remaining claims are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5